**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JULIAN A. BUTLER**

    **Petitioner,**

**v.**                                            **Case No. 8:07-CV-1159-T-30EAJ**
                                                                    Crim. Case No. 8:04-cr-35-T-30EAJ

**UNITED STATES OF AMERICA,**

    **Respondent.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. #4) filed on August 1, 2007, the Government's Response (CV Dkt. #12), and Petitioner's Reply (CV Dkt. #15). The Court concludes that this motion is due to be summarily denied without an evidentiary hearing because it plainly appears that Petitioner is entitled to no relief.

### Background

On January 29, 2004, a grand jury returned a one-count indictment charging Julian Butler (hereinafter referred to as "Butler" or "Petitioner") with knowingly and willfully distributing five (5) grams or more of a mixture containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (CR Dkt. #1). On March 31, 2004, Butler pled guilty pursuant to a written plea agreement (CR Dkt. #23), and on July 15, 2004, the Court sentenced him to 144 months imprisonment and 60 months of supervised release (CR Dkt. #31). Butler directly appealed the final judgment (CR Dkt. #35), but the

Eleventh Circuit Court of Appeals dismissed his appeal after upholding the appeal waiver in his plea agreement (CR Dkt. #45).

On December 13, 2006, the Court advised Butler that the one-year time period for seeking relief under 28 U.S.C. § 2255 had expired (CR Dkt. #53). Butler did not object to or appeal the Court's order. However, he did file a "Petition Seeking Equitable Tolling of Time Limitation to File in the District Court a Motion to Vacate Pursuant to 28 U.S.C. § 2255" (CR Dkt. #55), which the Court granted (CR Dkt. #56). Finally, on July 3, 2007, Butler filed the instant § 2255 motion (CR Dkt. #57).

Butler bases his § 2255 motion on four main grounds, to wit:

**Ground One:** Butler received ineffective assistance of counsel. Specifically, Butler claims his trial counsel failed to:

    (1) Fully investigate the "facts" of the case;
    (2) Apprise him of and raise potential defenses;
    (3) Apprise him of the consequences of his guilty plea;
    (4) Act at sentencing;
    (5) Act on direct appeal; and
    (6) Advise him of his right to seek certiorari

**Ground Two:** Butler's guilty plea was not knowing or voluntary.

**Ground Three:** Butler was the victim of government misconduct. Specifically, Butler claims that the Government engaged in:

    (1) Imperfect entrapment;
    (2) Sentencing entrapment;
    (3) Sentencing factor manipulation; and
    (4) Selective enforcement of the federal Weed-And-Seed Program.

**Ground Four:** Butler's conviction violated international law.

**Facts**

The following facts from the Pre-Sentence Report (PSR) were undisputed by Butler at the time of sentencing:

On August 23, 2003, detectives from the Clearwater Police Department (CPD) contacted Butler about the possibility of purchasing crack cocaine. Butler agreed, and shortly thereafter attempted to sell $1,700.00 worth of crack cocaine to a confidential informant (CI). The CI handed Butler the cash, and Butler drove off to a neighboring city to obtain the drugs.

The CI called Butler on four separate occasions, and the two eventually met to exchange the drugs. At that time, in the CI's vehicle, Butler gave the CI 35.1 grams of crack cocaine. He also returned $200.00 to the CI, claiming that he was only able to procure $1,500.00 worth of drugs.

**Timeliness**

In its Response, the Government urges the Court to reconsider its order finding that Butler is entitled to equitable tolling of the limitations period governing § 2255 motions. The Court declines to do so and will consider the instant motion on its merits.

**Discussion**

**I.   Ineffective Assistance of Counsel**

Butler first contends that he received ineffective assistance of counsel. To succeed on such a claim, Petitioner must show that (1) counsel's performance was deficient due to "errors so serious that counsel was not functioning as the 'counsel' guaranteed [Petitioner] by the Sixth Amendment"; and (2) the deficient performance prejudiced Petitioner. Strickland v. Washington, 466 U.S. 668, 687 (1984). The failure to raise a meritless claim

does not render a counsel's performance deficient, Chandler v. Moore, 240 F.3d 907, 917-18 (11th Cir. 2001) (counsel not ineffective for failing to raise a nonmeritorious issue), and conclusory allegations are not sufficient to support a claim of ineffectiveness. Franklin v. U.S., 227 Fed.Appx. 856, 859 (11th Cir. 2007) ("A petitioner is not entitled to an evidentiary hearing if his claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible").

Here, not one of Butler's six claims of ineffective assistance of counsel comes close to establishing a constitutional violation under Strickland. Butler claims his counsel failed to (1) fully investigate the "facts" of the case; (2) apprise him of and raise potential defenses; (3) apprise him of the consequences of his guilty plea; (4) act at sentencing; (5) act on direct appeal; and (6) advise him of his right to seek certiorari. However, he fails to substantiate these claims with even the slightest factual analysis. For instance, Butler's memorandum in support of his petition states:

> (i) **Failed to Investigate the Facts:**
>
> Considering the facts alleged in ¶ 7 *infra*, it is clear that counsel failed to investigate as required. *See Strickland* at 691 (one of trial counsel's duties is to make reasonable investigations or make a reasonable decision that investigations are not necessary).

(CV Dkt. #5). Butler does not state what his counsel would have discovered with additional investigation nor describe how it would have changed the outcome of his case. Such conclusory allegations prove neither deficient performance nor prejudice, and the Court will therefore deny the instant motion as to ineffective assistance of counsel.

**II.     Whether guilty plea knowing and voluntary**

Butler next claims that his guilty plea was not knowing or voluntary. Generally, a "defendant may withdraw a guilty plea after the court accepts the plea, but *before it imposes sentence*, if the defendant shows 'a fair and just reason for requesting the withdrawal.'" U.S. v. Billings, 2008 WL 194912, *4 (11th Cir. 2008) (quoting Fed.R.Crim.P. 11(d)). Here, however, the time has long since passed since the Court sentenced Butler. Butler cannot now escape his guilty plea with conclusory, unsubstantiated claims that his counsel "did not provide him with reasonably competent advice."

Butler also claims that his plea was not knowing or voluntary because he was unaware at his guilty plea hearing of the defenses that would later be made possible by the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005). However, the Eleventh Circuit has already ruled that the appeal waiver in Butler's plea agreement was "sufficiently broad . . . to waiver an appeal based on Apprendi/Booker grounds" (CR Dkt. #45). That is the law of this case, and this Court does not sit in review of the Eleventh Circuit's decision.

**III.    Government misconduct**

Butler's third claim is that government misconduct prior to his arrest should result in a reduction of his sentence. Specifically, Butler alleges that the Government engaged in (1) imperfect entrapment; (2) sentencing entrapment; (3) sentencing factor manipulation; and (4) selective enforcement of the federal "Weed-And-Seed" program. The Government responds that Butler's plea agreement prohibits him from appealing on these grounds.

The Court agrees with the Government as to the first three claims. In his plea colloquy, Butler acknowledged understanding that his plea agreement strictly limited the

kinds of challenges he could later raise on appeal. That included the right to object to how the evidence used against him was obtained. And even if Butler had not waived such rights, the specific claims he raises are not recognized by the Eleventh Circuit. See United States v. Sanchez, 138 F.3d 1410, 1413-14 (11th Cir. 1998) ("defendants' claim must fail as a matter of law because [the Eleventh] Circuit has rejected sentence entrapment as a viable defense"). Thus, those particular claims are meritless.

As for selective enforcement, the Court finds unconvincing Butler's conclusory allegation that the federal Weed-And-Seed program targets African Americans. Generally, "[w]hen unequal administration of a facially neutral law results from selective enforcement, a showing of intentional discrimination is required." Wallace v. City of Tarpon Springs, 2007 WL 128836, *5 (M.D.Fla. 2007) (quoting E & T Realty v. Strickland, 830 F.2d 1107, 1113 (11th Cir. 1987). However, Butler fails to make such a showing. Because "[c]onclusory statements [and] opinions do not create a genuine issue of material fact," id. at FN6, the Court rejects Butler's claim of selective enforcement.

## IV.    International law

Butler's final claim is that international law prohibits racial discrimination, which he claims is inherent in the practice of awarding greater sentences for crimes involving crack cocaine than powder cocaine. The Court is somewhat receptive to this argument. Although international law is not a ground for relief for claims arising under the U.S. Constitution, the Supreme Court has recognized that the gap in punishments between crack and powder cocaine offenses can result in unduly harsh sentences. See Kimbrough v. U.S., 128 S.Ct. 558, 574 (2007). The U.S. Sentencing Commission has also taken notice, adopting revised

guidelines potentially reducing the sentences for crack cocaine offenses. See SUPPLEMENT TO 2007 U.S. SENTENCING GUIDELINES MANUAL § 1B1.10.

As for Butler, the Court will deny the instant motion as to this ground. The Court is presently reviewing its prior crack cocaine cases. If Butler's case warrants a sentence reduction, the Court will do so on its own motion in the near future.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. #4) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#57, in the underlying criminal case, case number 8:04-cr-35-T-30EAJ.

**DONE** and **ORDERED** in Tampa, Florida on February 7, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2007\07-cv-1159.deny 2255.wpd